GUY FULTS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 27, 1912.

1. STREET RAILWAYS: Invitation to Ride: Evidence. Plaintiff, a boy fourteen years old, frequently boarded a street car at the front end and where the vestibule entrance faced towards the other track. To do this he stood between the tracks and signalled for the car to stop. As it slowed down to near a stop, the motorman said to him: "Get on, kid," and as he got one foot on the car step, the car was suddenly started forward with a jerk, throwing him to the pavement, the car wheel running over his leg so that it had to be amputated. It was held to be a case for the jury.

2. ———: Instructions: Care and Prudence: "Permit." Where other instructions clearly define the care and caution necessary in a plaintiff in deciding whether to attempt to board a slowly moving car, it is not reversible error to give an instruction submitting whether the situation was such as to "permit" a cautious person to board the car.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

Affirmed.

*John H. Lucas* and *Bruce Barnett* for appellant.

*Brewster, Kelly, Brewster & Bucholz, E. H. Busiek* and *Paul R. Stinson* for respondent.

ELLISON, J.—Plaintiff's action is for injuries received by him in attempting to board one of defendant's street cars, in Kansas City, Kansas. He recovered judgment in the trial court.

It appears that defendant's car had a vestibule entrance at each end, so that in going either way on its double tracks, the outside entrance would be at the rear and the front entrance would open next to the other track. Plaintiff, a lad about fourteen years old, with his mother and two or three others, were at the corner of a street to take passage. As a car was approaching, plaintiff crossed over one track, walked between the tracks about a carlength, so that when the car should stop for the others to get on at the rear, it would throw the front entrance near him at his place between the tracks. He signalled the motorman, whom he knew, to stop, and in response thereto the car began to slow down, and as it got to him it was going very slow—about as fast as a walk—and the motorman said to him: "Get on, kid." He attempted to do so and had gotten a handhold on the railing, one foot on the step and the other off the ground, when the car was suddenly started forward with a jerk, which threw him onto the street, one leg getting under the car wheel, crushing it so that it was afterwards amputated just below the knee.

Defendant's first objection is not supported by the evidence as the testimony in plaintiff's behalf tends to show the facts to be. It claims that the undisputed evidence shows the car did not stop "at the corner where plaintiff attempted to board it;" and that, therefore, there was no invitation to plaintiff. But it appeared that plaintiff had frequently got on in the same

way with the consent of the persons in charge of the car, and that in this instance the motorman asked him to get on.

The second point relates to the admission of evidence that a negro boy got on the car at the other end after it had slowed down. We do not see any objection to the evidence. The negro boy was with those who were intending to get on at the rear vestibule. The witness stated that as the car was coming to a stop, a negro boy and two other parties were in front of her and that the negro boy got on, but before the others could get on, the car started up with a jerk. The tendency of this was to show the truth of plaintiff's theory of the case.

The only question presenting any substantial objection to the judgment, relates to two of plaintiff's instructions. They submit to the jury whether the car was moving at such slow rate of speed that a person of ordinary prudence and caution would have attempted to get on. In doing this, the instructions read that if it be found from the evidence that the car was moving so slowly as to "permit" a person of ordinary prudence, etc., to get on. The idea advanced in criticism is that a condition might be such as that it would permit a person of prudence to do it, and yet not be such a condition as that a prudent person *would* do it. We think it unfortunate that departures from the well-known and continuously used paths of direction to juries on this head, should be made. At the same time we cannot say, in view of *all the instructions* as to the care required of plaintiff, that the jury was misled, and we therefore feel disinclined to disturb the judgment. We find that the same word was used in an instruction approved in Spencer v. Transit Co., 111 Mo. App. 653, 663, though that part of it is not discussed.

We think the court properly refused defendant's instruction 4. The petition states facts making the

inference plain that the motorman saw plaintiff in getting on the car. The criticism of the court's action is not well made.

On the whole record we see no cause justifying our interference, and the judgment is therefore affirmed. All concur.